McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Federal Respondents and Counter-Petitioners, UNITED STATES OF AMERICA, UNITED STATES INTERNAL REVENUE SERVICE, and Revenue Agent JAMES RENO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. DILLINGHAM,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE, Revenue Agent JAMES RENO, and BUTTE COMMUNITY BANK,<br><br>    Respondents;<br><br>UNITED STATES OF AMERICA and Revenue Agent JAMES RENO,<br><br>    Counter-Petitioners,<br><br>    v.<br><br>BUTTE COMMUNITY BANK,<br><br>    Counter-Respondent. | MISC. S-05-44-WBS/PAN-PS<br><br>**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: PETITIONS TO QUASH IRS SUMMONSES, AND TAX SUMMONS ENFORCEMENT**<br><br>Taxpayer: John D. Dillingham |

1

| | |
|---|---|
| PATRICIA H. DILLINGHAM, | MISC. S-05-45-GEB/PAN-PS |
| Petitioner, | Taxpayer: Patricia H. Dillingham |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE, Revenue Agent JAMES RENO, and BUTTE COMMUNITY BANK, | |
| Respondents; | |
| UNITED STATES OF AMERICA and Revenue Agent JAMES RENO, | |
| Counter-Petitioners, | |
| v. | |
| BUTTE COMMUNITY BANK, | |
| Counter-Respondent. | |

This matter came before me on April 20, 2005, pursuant to Order filed April 11, 2005, on petititioners' petitions to quash Internal Revenue Service ("IRS") summonses and respondents' verified counter-petition to enforce IRS summonses. No appearance was made by or for the petitioners, John D. Dillingham and Patricia H. Dillingham, or respondent and counter-respondent Butte Community Bank.  Yoshinori H. T. Himel, Assistant United States Attorney, appeared for respondent IRS, counter-petitioner United States, and respondent and counter-petitioner Revenue Agent ("RA") James Reno, who was present.

At issue are two IRS summonses issued to Butte Community Bank in Paradise, California, seeking information to aid in the determination of petitioners' tax liabilities for calendar years 2001, 2002 and 2003.  By their petitions, Mr. and Mrs. Dillingham assert primarily that the IRS summons authority is limited to investigations related to gasoline taxes, and that respondents therefore had, and did not meet, a burden of connecting petitioners with taxable gasoline-related activities.  Petitions at 2-10.

The verified counter-petition alleges, under oath and without controversion, that Revenue Agent Reno issued the IRS summonses as part of his investigation to determine the

1 federal tax liabilities of the Dillinghams for calendar years 2001, 2002 and 2003; that the
2 information sought is relevant to that purpose; that the information sought is not already in the
3 possession of the Internal Revenue Service; and that the administrative steps required by the
4 Internal Revenue Code have been followed.  A copy of the IRS original of the summonses
5 was attached as Exhibits 1 and 2 to the counter-petition.  Form 2039-D, an instruction sheet
6 for petitions to quash, accompanied the taxpayers' attested copy of the summonses; see
7 verified counter-petition ¶ 7 and Exhibit 3.

8     As a threshold matter, the Order filed April 11, 2005, instructed each of the petitioners,
9 within three days of service of the order, to serve upon the respondents a copy of the petition,
10 the respective summons, and that Order.  The sworn and uncontroverted allegations in the
11 counter-petition established that Mr. Dillingham mailed a copy of his petition, including an
12 incomplete copy of the summons sent to him, to RA Reno on April 6, 2005, and that he
13 followed up by mailing RA Reno a copy of the Order on April 15, 2005.  Mrs. Dillingham
14 similarly mailed a copy of her petition to RA Reno, but did not mail the Order.  The mailings
15 did not contain a full copy of the summonses, nor were any of the papers served at any time
16 upon the United States Attorney's Office or the Attorney General in Washington, D.C.  See
17 verified counter-petition ¶ 12.

18     The statutory waiver of sovereign immunity for petitions to quash IRS summonses
19 jurisdictionally requires that the petition be served on the United States Attorney's Office and
20 the Attorney General.  I.R.C. § 7609(b)(2)(B) requires a registered or certified mailing of the
21 petition to quash "to such office as the Secretary may direct in the notice referred to in
22 subsection (a)(1)."  The Secretary's directions are in Form 2039-D, counter-petition Exhibit 3;
23 they include the instruction that "Your petition must be served upon the appropriate parties,
24 including the United States, as required by Federal Rule of Civil Procedure 4."  Id. ¶ 9.  As
25 the Eastern District of North Carolina reasons in Norfleet v. United States, 2002 WL
26 1396494, 89 A.F.T.R.2d 2002-2879, 2002-2 USTC ¶ 50,564 (E.D.N.C. 2002),

27         IRS Form 2039, Part D, provides that, in addition to the persons
        summoned and the IRS officer who issued the summons, the
28         petitioner must serve the United States as required by Rule 4 of

> the Federal Rules of Civil Procedure. Under Rule 4(i)(1), service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the Office of the United States Attorney and (B) by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. . . .
>
> Because § 7609 contains a waiver of the United States' immunity against suit, such waivers must be strictly and narrowly construed, and . . . strict compliance with the pre-conditions to a waiver must be enforced.

Id. For this reason, petitioners' failure to serve process on the United States Attorney and the Attorney General under Fed. R. Civ. P. 4(i)(1) is a fatal jurisdictional flaw, and the petitions to quash must be dismissed for lack of subject matter jurisdiction.

The United States may still seek enforcement of the IRS summonses on their merits under I.R.C. § 7609(b)(2)(A) ("In any such proceeding, the Secretary may seek to compel compliance with the summons"). See Miller v. United States, 1994 WL 465816, 74 A.F.T.R.2d 94-5355, 94-2 USTC ¶ 50,383 (N.D. Ind. 1994) (dismissing petition to quash for lack of subject matter jurisdiction and enforcing IRS summons).

Regarding the taxpayers' contention that the IRS summons power is limited to gasoline taxes, there is no such limitation in I.R.C. § 7602. That statute provides that "For the purpose of ascertaining the correctness of any return," "determining the liability of any person for any internal revenue tax," "or collecting any such liability," the Secretary of the Treasury can summon "any person having possession" or "any other person the Secretary may deem proper."

The taxpayers also contend that the Powell requirements are unsatisfied because the administrative summonses do not, on their face, "allege[] that its investigation of the summoned records are [sic] relevant or material to the business of a person liable for tax." Petitions at 4. They also contend that the summonses "fail[] to allege, 'that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.'" Id. at 5. There is, however, no requirement that

1   the Powell requirements be proved up by the face of the summons as distinguished from proof

2   to the Court.  The Northern District of Indiana disposed of similar contentions as follows:

3   > Petitioners also contend that the summons is invalid because the summons and/or notice do not contain verifications that (1) the issuing officer is a delegate of the Secretary who would be authorized to issue summonses; (2) a Justice Department referral has not been made; (3) that the investigation is being conducted for a legitimate purpose; and (4) that the documents are not already in the possession of the IRS.
> 
> As the government has pointed out, there is no statutory requirement that any of the foregoing verifications appear on either the summons or the notice.

9   Miller, supra.

10   On the merits, the two IRS summonses meet the requirements of United States v.

11   Powell, 379 U.S. 48, 57-58 (1964).  Based on the sworn and uncontroverted allegations in the

12   counter-petition, I find:

13   (1) The summonses issued by Revenue Agent James Reno to respondent Butte

14   Community Bank on March 18, 2005, seeking testimony and production of documents and

15   records in respondent's possession, were in good faith and for a legitimate purpose under

16   I.R.C. § 7602, that is, for the determination of the tax liabilities of John D. Dillingham and

17   Patricia H. Dillingham for calendar years 2001, 2002 and 2003;

18   (2) The information is relevant to that purpose;

19   (3) The information sought is not already in the possession of the Internal Revenue

20   Service;

21   (4) The administrative steps required by the Internal Revenue Code have been

22   followed; and

23   (5) There is no evidence of referral of this case by the Internal Revenue Service to the

24   Department of Justice for criminal prosecution.

25   Additionally, as noted above, petitioners failed to perfect service of their petitions to

26   quash.

27   It is therefore the recommendation of the Magistrate Judge that:

28

5

(A) That the petitions to quash filed by John D. Dillingham and Patricia H. Dillingham be dismissed for lack of subject matter jurisdiction for failure to fulfill the service conditions on the statutory waiver of sovereign immunity for petitions to quash, I.R.C. § 7609(b)(2)(B).

(B) That the two tax determination summonses issued to respondent, Butte Community Bank, be enforced, and that respondent be ordered to appear at Chico, California, before Revenue Agent James Reno or his designated representative, within 21 days of the filing date of the summons enforcement order, or at a time and date to be set by Revenue Agent Reno, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summonses, the examination to continue from day to day until completed.

These findings and recommendation are submitted to the United States District Judge assigned to each case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California.  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 25, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge